CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 27 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRADLEY BRIAN MEREDITH, | ) | CASE NO. 7:11CV00194 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM OPINION |
| SAMUEL V. PRUETT, WARDEN, | ) ) ) | By: Samuel G. Wilson<br>United States District Judge |
| Defendant. | ) | |

Bradley Brian Meredith, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendant has interfered with his right to access the courts by refusing to process under the prison's legal mail policy certain items of outgoing mail addressed to an individual that Meredith has designated as his "attorney-in-fact." The policy defines "legal correspondence" as "correspondence sent to or received from verified attorneys, officers of state, federal, and local courts . . . ." The court finds that Meredith's allegations fail to state any claim actionable under § 1983. Accordingly, the court dismisses the action without prejudice for failure to state a claim.

I

Prisoners are guaranteed reasonable access to both state and federal courts. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). However, to state a claim of violation of this right, a prisoner must show some particular interference with his right, as well as evidence of actual injury or specific harm related to his litigation efforts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). While Meredith alleges dissatisfaction with the manner in which prison officials have processed letters to his "attorney-in-fact," he has failed to allege any facts indicating any respect in which

these alleged deficiencies have caused any actual injury or specific harm to his litigation efforts. Therefore, he fails to state any constitutional violation. Furthermore, his mere assertion that prison officials have misapplied the prison legal mail policy does not state a constitutional claim. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, the court finds that Meredith has failed to state any § 1983 claim.

## II

For the reasons stated, the court dismisses Meredith's complaint without prejudice for failure to state a claim.

ENTER: This 27th day of April, 2011.

_____
United States District Judge